ORIGINAL

# In the United States Court of Federal Claims

No. 16-1510
Filed: June 30, 2017

FILED

JUN 30 2017

U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WILLIAM H. MORGAN,<br><br>Plaintiff, *pro se*,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 28 U.S.C. § 1491 (Tucker Act Jurisdiction);<br>Rules of the United States Court of Federal Claims ("RCFC") 12(b)(1) (Subject Matter Jurisdiction), 12(b)(6) (Failure To State A Claim Upon Which Relief Can Be Granted), 41(b) (Failure to Prosecute). |

**William H. Morgan**, La Pine, Oregon, Plaintiff, *pro se*.

**Isaac B. Rosenberg**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND FINAL ORDER

**BRADEN**, *Chief Judge*.

## I. RELEVANT FACTUAL BACKGROUND.[1]

On October 28, 2015, the Klamath County Circuit Court of Oregon, convicted William H. Morgan of resisting arrest and contempt of court. Compl. App. at E2–E3. Mr. Morgan was sentenced to twelve months of probation and required to pay a $500 fine. Compl. App. at E2–E3.

Mr. Morgan was scheduled to be released from probation on October 11, 2016. Compl. at 2–3; Compl. App. at E2–E3. On November 7, 2016, Mr. Morgan called the Southern Oregon

[1] The relevant facts discussed herein are derived from the November 14, 2016 Complaint ("Compl.") and attached Appendices ("Compl. App. A–E").

7017 1450 0000 1346 0232

Monitoring Services, LLC[2] to request written confirmation that he completed probation, without any violations. Compl. App. E11. The SOMS informed Mr. Morgan that he successfully completed probation on October 11, 2016, however, he did not receive written confirmation. Compl. at 2–3; Compl. App. at E11.

## II. PROCEDURAL HISTORY.

On November 14, 2016, Mr. Morgan ("Plaintiff") filed a Complaint in the United States Court of Federal Claims against the United States, Oregon Supreme Court, Oregon Court of Appeals, Klamath County Circuit Court, Klamath County Defenders Office, Klamath County District Attorney, and the SOMS. Compl. at 1.

The November 14, 2016 Complaint alleges that the Government:

(1) violated the Federal Tort Claims Act, 28 U.S.C. §§ 2671–80, by acting negligently and intentionally inflicting emotional distress on Plaintiff, Compl. at 2–3;

(2) violated Plaintiff's constitutional rights, including the Fourth Amendment, Eighth Amendment, Fifth and Fourteenth Amendments' Due Process Clauses, and Fifth Amendment's Double Jeopardy Clause, Compl. at 2, 4, 5, 6;

(3) violated Plaintiff's rights under the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, Compl. at 1, 3, 4, 6;

(4) violated the Lanham Act, 15 U.S.C. § 1051, the Hobbs Act, 18 U.S.C. § 1951, and the Racketeer Influenced and Corrupt Organizations Act ("RICO Act"), 18 U.S.C §§ 1961–68, Compl. at 2, 4, 5, 6, 7;

(5) violated the Fifth Amendment Takings Clause, by taking the Morgan family property, Compl. at 6; and

(6) breached various contracts and warranties under the Contracts Dispute Act ("CDA"), 41 U.S.C. §§ 7101–09, Compl. at 4, 5, 6.

The November 14, 2016 Complaint also requests the United States Court of Federal Claims to reconsider a different complaint, filed on August 2, 2016.[3] Compl. at 6.

---

[2] The Southern Oregon Monitoring Services, LLC ("SOMS") is a bench probation monitoring service for Klamath County Court. The SOMS monitors defendants to ensure they complete bench probation conditions, e.g. treatment, community service, and payment of court fines and fees.

[3] Although the November 14, 2016 Complaint does not specify the case name or number in which the August 2, 2016 Complaint was filed, the court believes the referenced case is *Morgan v. United States*, No. 16–937. On October 24, 2016, the United States Court of Federal Claims dismissed *Morgan*, No. 16–937, pursuant to Rules of the United States Court of Federal

On November 14, 2016, Plaintiff also filed a Motion For Leave To Proceed *In Forma Pauperis*. ECF No. 1. On December 16, 2016, the court granted Plaintiff's motion. ECF No. 6.

On January 13, 2017, the Government filed a Motion To Dismiss ("Gov't Mot."), pursuant to RCFCF 12(b)(1) and 12(b)(6). ECF No. 7. On February 22, 2017, nine days after Plaintiff's response was due, the court issued a Show Cause Order, to ascertain why this case should not be dismissed for failure to prosecute, pursuant to RCFC 41(b). ECF No. 8.

On March 31, 2017, Plaintiff filed a Response to the February 22, 2017 Show Cause Order, but did not respond to the January 13, 2017 Motion To Dismiss. ECF No. 9.

On April 4, 2017, the court issued a Scheduling Order directing Plaintiff to file a Response to the January 13, 2017 Motion To Dismiss by April 18, 2017. ECF No. 10.

On May 2, 2017, Plaintiff filed a Response to the January 13, 2017 Motion To Dismiss ("Pl. Resp."). ECF No. 12. On May 18, 2017, the Government filed a Reply ("Gov't Reply"). ECF No. 15.

## III. DISCUSSION.

### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government[.]" *Testan*, 424 U.S. at 400. And, the plaintiff bears the burden of establishing

Claims ("RCFC") 12(b)(1). ECF NO. 13. On November 7, 2016, *Morgan*, No. 16–937 was appealed to the United States Court of Appeals for the Federal Circuit. ECF No. 16. On April 5, 2017, the United States Court of Appeals for the Federal Circuit affirmed the court's dismissal. ECF No. 20.

jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

**B. Standard Of Review For *Pro Se* Litigants.**

*Pro se* plaintiffs' pleadings are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). The court traditionally examines the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969).

**C. Standard Of Review For Motion To Dismiss, Pursuant to RCFC 12(b)(1).**

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading. . . . But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction[.]").

When considering whether to dismiss an action for lack of subject matter jurisdiction, "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

**D. Standard Of Review For Motion To Dismiss, Pursuant To RCFC 12(b)(6).**

A claim is subject to dismissal under RCFC 12(b)(6), if it does not provide a basis for the court to grant relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) ("[A well-pleaded complaint] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (internal citations omitted)); *see also Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002) ("A motion to dismiss . . . for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy.").

A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Twombly*, 550 U.S. at 570). The allegations contained in a complaint also must indicate to the court that there is "more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To determine whether a complaint states a plausible claim for relief, a court must engage in a context-specific analysis and "draw on its judicial experience and common sense." *Id.* at 678–79.

**E. The Government's January 13, 2017 Motion To Dismiss The November 14, 2016 Complaint, Pursuant To RCFC 12(b)(1) And 12(b)(6).**

**1. The Government's Argument.**

The Government argues that claims in the November 14, 2016 Complaint alleging wrongdoing by the Oregon Supreme Court, Oregon Court of Appeals, Klamath County Circuit Court, Klamath County Defenders Office, Klamath County District Attorney, and the SOMS, must be dismissed, because the United States Court of Federal Claims only has jurisdiction to adjudicate claims against the United States government; claims against private parties and state governments and their employees, cannot be adjudicated by the court. Gov't Mot. at 7.

The Government also points out that the court does not have jurisdiction to adjudicate the tort claims alleged in the November 14, 2016 Complaint, because neither the Federal Tort Claims Act nor the Oregon Tort Claims Act confer jurisdiction on the court. Gov't Mot. at 9. Likewise, the Fourth Amendment, Eight Amendment, Due Process Clause, and Double Jeopardy Clause claims alleged in the November 14, 2016 Complaint must be dismissed, because those provisions are not money-mandating. Gov't Mot. at 10–11.

In addition, the court does not have jurisdiction over statutory civil rights claims. Gov't Mot. at 10 (citing *Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005) (holding that statutory civil rights claims reside exclusively with the district courts)). Nor does the court have jurisdiction to adjudicate the November 14, 2016 Complaint's Lanham Act, Hobbs Act, and RICO Act claims, because those statutes either grant exclusive jurisdiction to the United States district courts or are criminal statutes. Gov't Mot. at 10. Finally, the court does not have jurisdiction to re-adjudicate *Morgan*, No. 16-937, because that case is on appeal before the United States Court of Appeals for the Federal Circuit. Gov't Mot. at 12.

In addition, the Government argues that the November 14, 2016 Complaint's Fifth Amendment Takings Clause and Breach-of-Contract claims fail to allege facts sufficient to state a claim for relief above the speculative level and should be dismissed, pursuant to RCFC 12(b)(6). Gov't Mot. at 11–12. Regarding the Takings Clause claim, the November 14, 2016 Complaint does not identify a property interest that was taken or allege any other specific facts to support a takings claim. Gov't Mot. at 8. Regarding the Breach-of-Contract claim, the November 14, 2016 Complaint does not allege any contractual agreement between Plaintiff and the United States. Gov't Mot. at 8.

**2. The Plaintiff's Response.**

Plaintiff responds that the court has jurisdiction to adjudicate claims against the state of Oregon, because Oregon is an agent of the United States. Pl. Resp. at 2. In addition, Plaintiff raises a new claim, alleging that the United States Court of Federal Claims is conspiring with the Democratic National Committee ("DNC") to deny his claims. Pl. Resp. at 3.

**3. The Government's Reply.**

The Government replies that, as a matter of law, the state of Oregon is not an agent of the United States for the purpose of establishing Tucker Act jurisdiction. Gov't Reply at 2–3 (citing *Stebbins v. United States*, 105 Fed. Cl. 81, 84–85 (2012) ( "Plaintiff cannot recover in the Court of

Federal Claims simply by arguing that the United States is responsible, under the doctrine of respondeat superior[.]")). And, Plaintiff's new allegation that the court is conspiring with the DNC to deny his claims is not properly before the court, because Plaintiff may not allege new claims or amend his November 14, 2016 Complaint in a response to a motion to dismiss. Gov't Reply at 2. (quoting *Driessen v. United States*, 116 Fed. Cl. 33, 44 n.10 (2014) (stating that "[i]t is generally improper for a party to raise new claims not included in its complaint in an opposition to a motion to dismiss.")). In the alternative, the allegation should be dismissed, because it sounds in tort and is frivolous. Gov't Reply at 2.

**4. The Court's Resolution.**

**a. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Claims Against States And Their Agencies And Officials.**

The November 14, 2016 Complaint alleges that agencies and officials of Oregon violated Plaintiff's rights. The United States Court of Federal Claims, however, only has jurisdiction to adjudicate claims made against the United States. *See United States v. Sherwood,* 312 U.S. 584, 588 (1941) ("[The court's] jurisdiction is confined to the rendition of money judgments in suit brought for that relief against the United States . . . and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.").

For these reasons, the court has determined that it does not have jurisdiction to adjudicate the November 14, 2016 Complaint's claims against Oregon, its agencies, or officials.

**b. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Tort Claims.**

The November 14, 2016 Complaint's negligence claim and intentional infliction of emotional distress claim sound in tort. *See* 2A Stuart M. Speiser et al., AMERICAN LAW OF TORTS § 9:1 (2017) (explaining that negligence is an extensive part of tort law); 4A Stuart M. Speiser et al., AMERICAN LAW OF TORTS § 16:16 (2016) (describing intentional infliction of emotional distress as a tort). The United States Court of Federal Claims, however, does not have jurisdiction to adjudicate cases sounding in tort. *See* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . *in cases not sounding in tort.*" (emphasis added)); *see also Keene Corp. v. United States*, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims.").

For these reasons, the court has determined that it does not have jurisdiction to adjudicate the November 14, 2016 Complaint's negligence claim or intentional infliction of emotional distress claim.

**c. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Plaintiff's Constitutional Claims.**

The November 14, 2016 Complaint alleges that the Government violated Plaintiff's rights under the Fourth Amendment, Eighth Amendment, Fifth Amendment's Due Process and Double Jeopardy Clauses and the Fourteenth Amendment's Due Process Clause. Compl. at 2, 4, 5, 6. The

court does not have jurisdiction to adjudicate claims based on the Fourth or Eighth Amendments, because neither is money-mandating. *See Brown v. United States,* 105 F.3d 621, 623 (Fed. Cir. 1997) (holding that a violation of the Fourth Amendment does not mandate the payment of money); *see also Trafny v. United States,* 503 F.3d 1339, 1340 (Fed. Cir. 2007) (*per curiam*) (holding that the United States Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment because it is not money-mandating). Nor does the court have jurisdiction to adjudicate claims based on the Due Process or the Double Jeopardy Clauses. *See Smith v. United States,* 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process Clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act."); *see also Bernaugh v. United States*, 38 Fed. Cl. 538, 541 (1997) (determining that the court does not have jurisdiction over Double Jeopardy claims because they are not money-mandating).

For these reasons, the court has determined that it does not have jurisdiction to adjudicate the November 14, 2016 Complaint's Fourth Amendment, Eighth Amendment, Due Process Clause or Double Jeopardy Clause claims.

**d. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Plaintiff's Civil Rights Claims.**

The November 14, 2016 Complaint alleges violations under the Civil Rights Act of 1964 and the ADA. Compl. at 1, 3, 4, 6. But, the court does not have jurisdiction over claims arising under the Civil Rights Act. *See Anderson v. United States*, 22 Cl. Ct. 178, 179 n.2 (1990) ("Jurisdiction over such cases resides in the district courts relative to violations of any provision of the Civil Rights Act."). In addition, the court does not have jurisdiction over ADA claims because they are not money-mandating. *Searles v. United States*, 88 Fed. Cl. 801, 805 (2009) ("The ADA is not a statute mandating payment by the United States.").

For these reasons, the court has determined that it does not have jurisdiction to adjudicate the November 14, 2016 Complaint's civil rights claims.

**e. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Plaintiff's Lanham Act, Hobbs Act, Or RICO Act Claims.**

The November 14, 2016 Complaint alleges that the Government violated the Lanham Act, Hobbs Act, and RICO Act. Compl. at 2, 4, 5, 6, 7.

The court, however, does not have jurisdiction over Lanham Act claims, because 15 U.S.C. § 1121 grants exclusive jurisdiction to the United States District Court and territorial courts. *See* 15 U.S.C. § 1121(a) ("The district and territorial courts of the United States shall have original jurisdiction and the courts of appeal of the United States (other than the United States Court of Appeals for the Federal Circuit) shall have appellate jurisdiction, of all actions arising under [the Lanham Act.]"); *see also Proxtronics Dosimelly LLC v. United States,* 128 Fed. Cl. 656, 672 (2016) ("It is an unremarkable proposition that the Court of Federal Claims lacks jurisdiction over Lanham Act claims. Congressional authorization to entertain claims arising under the Lanham Act extends only to district and territorial courts.").

In addition, the court does not have jurisdiction to adjudicate the November 14, 2016 Complaint's Hobbs Act or RICO Act claims, because the Hobbs Act and RICO Act are criminal statutes under United States Title 18, Crimes and Criminal Procedure. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The [United States Court of Federal Claims] has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code[.]").

For these reasons, the court has determined that it does not have jurisdiction to adjudicate the November 14, 2016 Complaint's Lanham Act, Hobbs Act or RICO Act claims.

**f. The United States Court Of Federal Claims Does Not Have Jurisdiction To Review A Decision By The United States Court of Appeals For The Federal Circuit.**

The November 14, 2016 Complaint also requests reconsideration of a different complaint alleging an "assault on the Morgan family[,]" Plaintiff does allege any facts that identify the case of concern. Compl. at 6. The court, however, believes that the complaint referred to is *Morgan*, No. 16–937. On October 24, 2016, the United States Court of Federal Claims dismissed the complaint in *Morgan*, No. 16–937 for lack of subject-matter jurisdiction. *See Morgan*, No. 16–937, ECF No. 13. On appeal, the United States Court of Appeals for the Federal Circuit affirmed the court's dismissal. *See Morgan*, No. 16–937, ECF No. 20. The court does not have jurisdiction to review decisions of the United States Court of Appeals for the Federal Circuit. *See Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350 (Fed. Cir. 2008) ("Ordinarily, the act of filing a notice of appeal confers jurisdiction on an appellate court and divests the trial court of jurisdiction over matters related to the appeal.").

For this reason, the court has determined that it does not have jurisdiction to adjudicate the November 14, 2016 Complaint's request for reconsideration of *Morgan*, No. 16–937.

**g. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Plaintiff's Conspiracy To Commit Fraud Claim.**

Plaintiff's claim that "the DEMOCRATIC NATIONAL CONVENTION in conspiracy to the FEDERAL COURT of CLAIMS plan to deny any claim[,]" was improperly raised in Plaintiff's May 2, 2017 Response. *See* 35A C.J.S. (2017) § 397 ("Parties cannot amend their complaints through briefing or oral advocacy. Thus, a complaint may not be amended by the briefs in opposition to a motion to dismiss[.]"). But, even if the conspiracy-to-commit-fraud claim was properly raised, the court must dismiss it for lack of subject matter jurisdiction, because it sounds in tort. Pl. Reply at 3. *See Hufford v. United States*, 87 Fed. Cl. 696, 706 (2009) ("The Court of Federal Claims does not have jurisdiction over . . . claims of fraud, . . . because these claims sound in tort.").

For these reasons, the court has determined that the conspiracy-to-commit-fraud claim alleged in Plaintiff's May 2, 2017 Response must be dismissed.

**h. Plaintiff's Fifth Amendment Takings Clause and CDA Claims Do Not State A Claim Upon Which Relief Can Be Granted.**

To the extent that the November 14, 2016 Complaint alleges a Takings Clause claim or a Breach-of-Contract claim, no facts are alleged from which the court can ascertain whether a plausible claim for relief exists. Compl. at 4, 5, 6. The November 14, 2016 Complaint states that "no person shall be deprived of life liberty or property without due process of law, nor shall private property be taken for public use without just compensation." Compl. at 5. Because the November 14, 2016 Complaint's Takings claim does not identify any property interest that was taken, it must be dismissed for failure to state a claim upon which relief can be granted. *See Adams v. United States*, 391 F.3d 1212, 1218 (Fed. Cir. 2004) ("[A] claimant under the Takings Clause must show that the government, by some specific action, took a private property interest for a public use without just compensation."); *see also Am. Pelagic Fishing Co., L.P. v. United States*, 379 F.3d 1363, 1372 (Fed. Cir. 2004) (explaining that as a threshold matter, a plaintiff alleging a taking, must allege a legally cognizable property interest or the court's determination of a valid taking cannot continue).

The November 14, 2016 Complaint states that "the Defendants have created multiple breaches of contract, by misconduct that continues[.]" Compl. at 5. This Breach-of-Contract claim, however, does not allege any of the requisite elements of contract formation: (1) offer, (2) acceptance, and (3) consideration. *See Maher v. United States*, 314 F.3d 600, 606 (Fed. Cir. 2002). Nor does it identify any express or implied contracts between Plaintiff and the Government. Therefore, the November 14, 2015 Complaint's Breach-of-Contract claim does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 570).

For these reasons, the court has determined that the November 14, 2016 Complaint's Taking Clause and Breach-of-Contract claims do not state a claim upon which relief can be granted.

## IV. CONCLUSION.

For these reasons, the Government's January 13, 2017 Motion To Dismiss is granted. *See* RCFC 12(b)(1), 12(b)(6). The Clerk is directed to enter judgment dismissing the November 14, 2016 Complaint.

**IT IS SO ORDERED.**

**SUSAN G. BRADEN,**
**Chief Judge**